IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**JOSE M. RIVERA-GUERRA**,

      **Petitioner,**

v.                               **Civil Action No. 5:15-cv-05184**


**JOE COAKLEY, Warden,**
**FCI Beckley,**

      **Respondent.**


### MEMORANDUM OPINION, ORDER and NOTICE

Pending are Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241,[1] (ECF No. 1). By Standing Order, this matter is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). Having examined Petitioner's Section 2241 Petition, the undersigned finds that it should be construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

On October 19, 2012, Petitioner was convicted in the United States District Court for the District of Puerto Rico for violating 18 U.S.C. § 924(c)(1)(A) by possessing a firearm in furtherance of a drug trafficking crime. (ECF No. 1 at 1). Petitioner was sentenced to sixty months of imprisonment. (*Id.*). Petitioner now contends that the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Puerto Rico District Court erred by failing to suppress evidence obtained by law enforcement during a traffic stop of Petitioner; that Petitioner had ineffective assistance of counsel; and that Petitioner did not knowingly and intelligently enter into the plea agreement that formed the basis of his conviction. (*Id.* at 6-7). Petitioner prays that the Court "vacate the present conviction, judgment, and sentence in the instant case and conduct an evidentiary hearing with newly appointed counsel to represent him." (ECF No. 1 at 8). Given that Petitioner attacks the validity of his conviction and sentence, the undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241.[2]

The decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), holds "that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so re-characterize the motion." In its notice, the court is

---

[2] Allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, in exceptional circumstances, when a petitioner can show that Section 2255 provides an inadequate or ineffective remedy, a challenge to a federal conviction or sentence may be brought under Section 2241. *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The United States Court of Appeals for the Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application by demonstrating the *Jones* criteria.

required to advise the Petitioner of the restrictions and limitations under 28 U.S.C. § 2255. *Id.* at 649. The court should also provide the Petitioner with an opportunity to withdraw the Petition, or amend it to add all of the § 2255 claims he believes are available to him.

Therefore, Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Petitioner is further **NOTIFIED** that Section 2255 also limits a Petitioner's ability to file a second or successive Section 2255 motion. Petitioner is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[3] *See In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) ("before a prisoner

---

[3] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

3

can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[4] To obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Accordingly, it is hereby **ORDERED** that Petitioner should inform the court in writing by **Friday, June 19, 2015**, if he does not wish to have his Petition re-characterized as a motion under Section 2255. Should Petitioner not agree with the undersigned that his Petition should be re-characterized as a Section 2255 Motion, the undersigned will issue Proposed Findings of Fact and Recommendations on the Petition as filed under Section 2241.

Should Petitioner not file a response to this Amended Order and Notice, the

---

[4] Title 28, Section 2244(b)(3) provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

undersigned will consider the Petition to be filed under Section 2255 and shall recommend transfer of the case to the United States District Court for the District of Puerto Rico. In that event, Petitioner shall have the opportunity to withdraw the Petition prior to transfer, or amend it to assert any other claims he believes he has under Section 2255.

      The Clerk is directed to send a copy of this Order to Petitioner, who is acting *pro se.*

**ENTERED:** May 7, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge