**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**JOSE M. RIVERA-GUERRA,**

**Petitioner,**

**v.** **Civil Action No. 5:15-cv-05184**

**JOE COAKLEY, Warden,**
**FCI Beckley,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On April 24, 2015, Jose M. Rivera-Guerra (hereinafter "Petitioner") filed an Application under 28 U.S.C. § 2241, for a Writ of Habeas Corpus, (ECF No. 1), and a supporting memorandum. (ECF No. 2). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Application for a Writ of Habeas Corpus and **DISMISS** this action from the docket of the Court.

## I. Introduction

On October 19, 2012, after entering a guilty plea, Petitioner was convicted in the United States District Court for the District of Puerto Rico of possessing a firearm in furtherance of a drug trafficking crime, and aiding and abetting. (ECF No. 1 at 1).

Petitioner now asks to have the convictions vacated, complaining that (1) a search of his vehicle by the Puerto Rico Police Department violated his constitutional right to be free from unlawful search and seizure; (2) that the police questioned him without advising him of his Miranda rights; (3) that his defense counsel failed to file a motion to suppress the illegal evidence obtained during the search of his vehicle; and (4) his guilty plea was not voluntary and intelligent. (ECF No. 1 at 6-7; ECF No. 2).

On May 7, 2015, the undersigned issued an order and notice pursuant to *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), advising Petitioner that his application for habeas relief did not allege matters properly addressed under § 2241 and would be construed as a motion under § 2255. Petitioner was given the opportunity to agree to this re-characterization and to withdraw or amend the petition to add any other claims available to him under § 2255. Petitioner notified the court that he objected to a re-characterization of his petition, because he could not meet the time limitations of § 2255, and he was "actually innocent" of the charges to which he pled guilty. (ECF No. 7). Therefore, the undersigned addresses Petitioner's demand for a writ of habeas corpus under 28 U.S.C. § 2241.

## II. Discussion

Although § 2241 provides a general grant of habeas corpus authority, § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th

Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). Found at 28 U.S.C. § 2255(e), the "savings clause" occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of Section 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates an exceptionally narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Here, Petitioner challenges the validity of his federal judgment and sentence; therefore, his claim should be brought under 28 U.S.C. § 2255, unless he can show that the remedy under § 2255 is inadequate or ineffective under § 2255(e). Petitioner does not attempt to make such a showing. Although he argues that he is "actually innocent" of the crimes for which he was convicted, he does not claim his innocence is due to an intervening change of substantive law. To the contrary, Petitioner largely complains of alleged constitutional violations that occurred prior to entering his guilty plea, which were

not properly raised by his trial counsel. He does not assert that the conduct to which he pled guilty is no longer criminal. Rather, he claims that he did not understand the consequences of his plea agreement, because his trial counsel was ineffective in explaining them to him. Clearly, Petitioner cannot satisfy the *Jones* criteria; thus, his claim is not cognizable under § 2241.

Given that Petitioner's claim is not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the court chooses to dismiss the § 2241 petition, then Petitioner's claim is at an end in this jurisdiction because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Consequently, Petitioner would have to file his claim in the United States District Court for the District of Puerto Rico. If the court chooses to construe the petition as a § 2255 motion, rather than dismissing it outright, the court could consider transferring it to the Puerto Rico District Court. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

*See* 28 U.S.C. § 1631.

The transfer of a matter is "in the interest of justice" when the claims raised are sufficiently meritorious and/or the petitioner would be procedurally barred from raising

them anew in the district with jurisdiction if they were dismissed in the district contemplating transfer. *See Wilson v. Williamson*, Case No. 5:02-cv-1309, 2006 WL 218203, * 2 (S.D.W.Va Jan. 25, 2006). "[W]here a petitioner's right to the 'great writ' is at stake, there are few scenarios where it would not be in the interest of justice to transfer the petition to the proper court. *United States v. McNeill,* 523 F.App'x 979, 984 (4th Cir. 2013). Nevertheless, transfer is not mandatory, and a district court retains discretion to dismiss a petition that is frivolous or time-barred. *Id.* (citing *Phillips v. Seiter,* 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources); (*Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1001 (Fed.Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

The only reason to consider construing the instant petition as a § 2255 motion would be if it appeared that transferring the action to the District of Puerto Rico would serve the interest of justice. In this particular case, that result appears unlikely for two reasons. First, Petitioner has shown no interest in having the matter construed as a § 2255 motion. (*See* ECF No. 7). Second, and more importantly, transferring the action would serve no apparent purpose as Petitioner's claims are plainly time-barred. *Phillips,* 173 F.3d at 610–11 (7th Cir. 1999).

Petitioner's conviction was entered on October 19, 2012. He filed an appeal with the United States Court of Appeals for the First Circuit ("First Circuit"). *See United States v. Rivera-Guerra,* No. 12-2422 (1st Cir. Oct. 30, 2012). On September 12, 2013, the First Circuit affirmed the convictions and sentence. *Id.* Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. Therefore, his conviction became final on December 12, 2013. *Young v. United States,* No. 5:13CR27-01, 2016 WL 4257553, at *2 (N.D.W. Va. Aug. 12, 2016) ("The Supreme Court of the United States held that 'a

judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'") (quoting *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)); *see, also, United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Upon close review of the petition, the undersigned finds no asserted impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). Consequently, subsection 1 of § 2255(f) would apply, and the last date on which Petitioner could have timely filed a motion under § 2255 was December 12, 2014. He did not place the instant petition into the institutional mail system until April 19, 2015. Therefore, the petition was filed more than four months after expiration of the one-year limitation period.

## III. Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF

No. 1) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** September 13, 2016

Cheryl A. Eifert
United States Magistrate Judge